UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BALISIA BLANCHARD, et al.,

    Plaintiffs,

v.

IMPACT COMMUNITY ACTION,

    Defendant.

Case No. 2:19-cv-746
Judge James L. Graham
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion to Remand to State Court (Doc. 3). For the reasons that follow, it is **RECOMMENDED** that Plaintiffs' Motion to Remand to State Court be **GRANTED**, and Plaintiffs' request for attorney's fees be **DENIED**.

## I. BACKGROUND

In 2017, Plaintiffs Tracie Harrison and Balisia Blanchard filed an action in state court alleging that Defendant wrongfully discharged them in violation of public policy and Ohio common law (hereinafter, the "Ohio Public Policy Action"). (*See generally* Doc. 8). Plaintiffs alleged that Defendant ordered them to participate in a variety of public policy violations—fraud, tampering with records, accessing information from government computers without authorization, forgery, and impersonating individuals on government databases—and then terminated their employment based on their refusal to participate in the same. (*Id.*, ¶¶ 6–9).

While this action proceeded in state court, in November 2018, Plaintiffs filed a separate action in this Court alleging that Defendant violated the False Claims Act (the "FCA") by submitting false claims for payment from the United States government and knowingly making false statements to the United States government regarding the same. (*See Harrison, et al. v.*

*Impact Community Action*, 2:18-cv-1369, Doc. 4, ¶¶ 8–10 (S.D. Ohio) (hereinafter, the "FCA Action"). Plaintiffs further alleged that Defendant retaliated against them for their refusal to participate in those acts, violating the FCA's anti-retaliation provision. (*Id.*, ¶ 11).

Based on Plaintiffs' filing of the FCA Action, Defendant removed the Ohio Public Policy Action to this Court. (*See* Doc. 1). It asserted that the Ohio Public Policy Action "is a federal action in disguise." (*Id.*, ¶ 5). According to Defendant, the FCA Action made "clear that Plaintiffs' wrongful termination claims require a determination of federal law under the FCA. Therefore, removal of the state court action to federal court for consolidation with the Federal Action would serve the interests of judicial efficiency and facilitate uniform application of federal law." (*Id.*).

Plaintiffs subsequently filed their Motion to Remand (Doc. 3). That Motion is fully briefed and ripe for resolution.

## II.     STANDARD OF REVIEW

"[A] defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case." *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 259 (6th Cir. 1996). The basis for removing a state court case to federal court "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936).

Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). "[S]ince the plaintiff is 'the master of the complaint,' the well-pleaded-

complaint rule enables him, 'by eschewing claims based on federal law, … to have the cause heard in state court.'" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)).

"The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citation omitted). "[R]emoval statutes are to be strictly construed, and all doubts should be resolved against removal." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017), *cert. denied sub nom. Cook v. Mays,* 138 S. Ct. 1557, 200 L. Ed. 2d 743 (2018) (citations and internal quotation marks omitted).

## III. DISCUSSION

Generally, Plaintiffs offer two broad arguments in favor of remand: (1) the Court lacks original jurisdiction over the Ohio Public Policy Action, and (2) Defendant waived its right to removal.

### A. Original Jurisdiction

Plaintiffs' first argument turns on whether their wrongful termination claim in the Ohio Public Policy Action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "The vast majority of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a suit arises under the law that creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citations and quotations omitted). A case may also arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law," *Franchise Tax Board*, 463 U.S. at 9; *see also id.* at 13 (holding that federal-question jurisdiction is appropriate when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded

3

state claims"). But "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Thompson*, 478 U.S. at 813.

Defendant does not seriously dispute that Ohio state law created the wrongful termination cause of action at issue here. Rather, it contends that state cause of action necessarily turns on the construction of federal law because the FCA preempts Plaintiffs' wrongful termination claim. (Doc. 5 at 3–6).

The Supreme Court has recognized "that if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Board*, 463 U.S. at 9; *see also Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003) (internal citation omitted) (holding that "a state claim may be removed to federal court in only two circumstances—when Congress expressly so provides, such as in the Price–Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption"). "Complete preemption that supports removal and ordinary preemption are two distinct concepts." *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 323 (6th Cir. 2005) (citing *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995) (*en banc*)). "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under [a federal statute] does not establish that they are removable to federal court." *Caterpillar, Inc.*, 482 U.S. at 398. "Complete preemption that permits removal is reserved for statutes 'designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action' while ordinary preemption applies to statutory sections that arguably supersede conflicting state laws without creating the right of removal." *Roddy*, 395 F.3d at 323 (quoting *Warner*, 46 F.3d at 535).

Further, "the congressional intent necessary to confer removal jurisdiction upon the federal

4

district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule." *Strong*, 78 F.3d at 260 (citing *Warner*, 46 F.3d at 534–35). And, "[i]n the absence of explicit direction from Congress, the Supreme Court has stated that it would be reluctant to find the extraordinary preemptive power that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Roddy*, 395 F.3d at 323 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–65 (1987)).

Does the FCA completely preempt Plaintiffs' state law cause of action? The Undersigned thinks not. First, Defendant has cited no instance in which a court has concluded that a state law claim is *completely* preempted by the FCA. Instead, it relies on cases in which courts have concluded that state law wrongful termination claims are barred or "preempted" because such claims are available only under state law where there is no alternative remedy. (*See* Doc. 5 at 3–4 (citing *Tracy v. Northrop Grumman Sys. Corp.*, No. 10-3930, 2011 WL 6965839, at *1 (6th Cir. Dec. 21, 2011) (internal citation omitted) ("In order to state a claim of wrongful discharge in violation of public policy—an exception to Ohio's usual rule regarding discharge of at-will employment—Tracy was required to allege that the public policy at issue would be compromised, in the absence of a tort claim for wrongful discharge, because no alternative remedy exists. Because 31 U.S.C. §§ 3729, 3730 provide an alternative remedy—bringing a Qui Tam suit for violating the False Claims Act—to a tort claim for wrongful discharge, Tracy failed to establish her claim."); *Harris v. River Rouge Housing Com'n*, No. 2:11-cv-14030, 2013 WL 1314961, at *14 (E.D. Mich. March 29, 2013) ("Because the same facts giving rise to Plaintiff's public policy count also give rise to potential violations of the Whistleblowers Protection Act and the False Claims Act, Plaintiff's Michigan Public Policy Claim is preempted."); *Goodwin v. Novartis*

*Pharmaceuticals Corp.*, No. 3:11-cv-350-H, 2012 WL 1079086, at *5 (W.D. Ky. March 30, 2012) ("Since the FCA is both the source of Goodwin's proposed public policy and provides its own civil remedy for violations of that policy, it preempts a wrongful discharge cause of action.")). While these cases may support an argument to dismiss Plaintiffs' state law claim, Defendant has not explained why they provide a basis for this Court to exercise original jurisdiction over that claim after removal.

Second, the Undersigned has found no authority to support the conclusion that the FCA wholly preempts Plaintiffs' wrongful discharge claims for purposes of removal. The lone court in the Sixth Circuit that confronted a similar question appears to have rejected this argument. *See Prickette v. Lind*, No. 3-12-1267, 2013 WL 785639, at *3 (M.D. Tenn. Mar. 1, 2013) ("Plaintiffs' fraud claim has not been brought under the FCA, does not require interpretation of the FCA, and does not request relief under the FCA. Therefore, there is no 'complete preemption,' and this Court has no subject matter jurisdiction over Plaintiffs' fraud claim.").

Third, the text of the FCA does not support a finding of complete preemption. And "[i]n the absence of explicit direction from Congress," the Undersigned is "reluctant to find the extraordinary preemptive power that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Roddy*, 395 F.3d at 323 (citing *Taylor*, 481 U.S. at 64–65). This caution is appropriate given the Sixth Circuit's command that "removal statutes are to be strictly construed, and all doubts should be resolved against removal," *Mays*, 871 F.3d at 442.

Fourth, the conclusion that the FCA completely preempts state law claims is inconsistent with the fact that numerous states have passed FCAs of their own modeled on the federal version. Rather than amending the FCA to preempt state law claims, Congress has incentivized states to

6

enact legislation modeled after the federal FCA. *See* Deficit Reduction Act of 2005, Pub. L. No. 109-171, § 6031, 120 Stat. 4, 72 (2005). It would make little sense for Congress to do so if it had intended to preempt similar state law claims in their entirety.

Fifth, even in the context of ordinary preemption, nothing in the FCA itself suggests "that Congress intended to preempt all state law retaliatory discharge claims based on allegations of fraud on the government." *Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936, 945 (7th Cir. 2002). As a result, "[a] number of courts have rejected the argument that state-wrongful-discharge claims are preempted by the False Claims Act." *U.S. ex rel. White v. Gentiva Health Servs., Inc.*, No. 3:10-CV-394-PLR-CCS, 2014 WL 2893223, at *18 (E.D. Tenn. June 25, 2014) (collecting cases). If state law retaliatory discharge claims are not subject to ordinary preemption as a result of the FCA, it is not clear how the FCA could completely preempt the same.

Defendant has, therefore, failed to meet its burden to demonstrate that this Court has original jurisdiction over the Ohio Public Policy Action. The Undersigned recommends that this action be remanded accordingly.

Defendant offers a number of secondary arguments in support of removal, including that: (1) this Court has "a serious interest in creating and moderating the jurisprudence over the FCA"; (2) the FCA is similar to other federal statutes that completely preempt certain state law claims for purposes of original jurisdiction; and (3) the risk of inconsistent results if the Ohio Public Policy Action and the FCA Action proceeds in different courts. (Doc. 5 at 5–6). But these arguments do not alter the Undersigned's recommendation. Although the Undersigned appreciates this Court's and the parties' interest in efficient litigation, Defendant's arguments do not establish a basis for this Court to exercise original jurisdiction over this action.

7

### B. Waiver

Plaintiffs also argue that Defendant waived its right to remove this action to federal court because it litigated this action for more than a year and a half in state court before removing to this Court. (Doc. 3 at 8). Because the Undersigned has already concluded that this case should be remanded, she declines to address this argument.

### C. Attorney's Fees

Finally, Plaintiffs move for attorney's fees, arguing that "Defendant's assertions of federal jurisdiction are meritless." (*Id.* (citing 28 U.S.C. § 1447(c)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (collecting cases). Although, in the Undersigned's view, Defendant's arguments did not carry the day, Defendant did not lack an objectively reasonable basis for seeking removal on the facts of this case. Therefore, it is recommended that Plaintiffs' request for fees be denied.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiffs' Motion to Remand to State Court be **GRANTED**, and Plaintiffs' request for attorney's fees be **DENIED**.

<u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: January 17, 2020 /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE